The opinion of the court was delivered by
DeBlanc, J.
On the 2d of March, 1878, the defendant — Thomas Taylor — shot and wounded one Loyd Payne, who — on ■ the 15th of April of that year — died from the effects of the inflicted wound.
Taylor was arrested on the 4th of March, two days after he had •shot and wounded Payne, and — on the 9th of May 1878 — a true bill for murder was found against him. On the 17th of that month, the district attorney discontinued, by a nolle prosequi, the prosecution commenced under the first indictment.
On the 5th of March, 1879 — one year and three days after Payne had been shot and wounded, and less than one year from the date of his death — another indictment was filed against Taylor, and — under that indictment — he was tried, convicted of murder and sentenced. He appealed, the sentence passed upon him was reversed, the case remanded, and — on the new trial — he was found guilty of manslaughter, and condemned to imprisonment in the State Penitentiary, for the term óf twenty years.
He has again appealed, and — to obtain the reversal of the second verdict and sentence — he relies on the fact that one year intervened between the commission of the offence, his arrest, and'the filing of the indictment under which he was tried.
That defence is based on section 986 of the Revised Statutes, which provides:
“ That no person shall be tried or punished for any offense, wilful murder, arson, robbery, forgery and counterfeiting excepted, unless the indictment or presentment for the same shall be found or exhibited within one year next after the offense shall have been made known to a public officer having the power to direct the investigation or prosecution.”
The first warrant under which Taylor was arrested, bears, the date of- the 4th of March 1878, and merely recites that he had shot and *852 wounded Payne; and it was on the 17th of May, more than one month after the death of Payne, that the district attorney made an affidavit charging that he had been killed and murdered by Taylor.
Had defendant been indicted between the 2d of March, when he shot and wounded Payne, and the 15th of April, when Payne died, he •could have been indicted but for an attempt to murder or to kill.
It was on, and from the 15th of April 1878, not before, that a public officer could have been informed that defendant had killed Payne, and it was at and from that date that arose the right to prosecute him for murder or manslaughter. He was reindicted on the 5th of March 1879, within one year from the day on and from which he could have been prosecuted for manslaughter, and his defence is not sustained by either the facts or the law.
In “ State vs. Wallman,” we said: that the death of the victim struck completes the crime of murder, or of manslaughter, but that it alone did not constitute the crime ; that, unless death ensues, the felony is not murder or manslaughter, but another, a lesser offence.
How any part of this opinion can avail defendant, we are at a loss to imagine. Payne was shot and wounded by him on the 2d of March. He died on the 15th of April, and his death completed a crime, which— until it occurred — was not a manslaughter, and which — before that date —could not, as such, have been made known to, investigated, or prosecuted by a public officer.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from is affirmed.